# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1848 | **DATE** | 8/29/2001 |
| **CASE TITLE** | USA vs. Guillermo Casas | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: We dismiss Casas' petition for habeas corpus for lack of jurisdiction. The status hearing set for 9/14/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/29/2001 | |
| GL | courtroom deputy's initials | FILED FOR DOCKETING  01 AUG 29 PM 5: 45 | date mailed notice  GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

AUG 3 0 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No. 01 C 1848 |
| v. | ) | |
| | ) | |
| GUILLERMO CASAS, | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Guillermo Casas filed a petition for habeas corpus pursuant to 28 U.S.C. §2255, arguing that the recent Supreme Court case *Apprendi v. New Jersey*, 530 U.S. 466 (2000), mandates that we reduce his 348 month sentence for drug trafficking. As we explain below, Casas' motion fails for numerous reasons. First, this petition is a successive request for habeas relief, and thus we do not have jurisdiction to consider it because Casas has not yet obtained leave to file this petition from the Seventh Circuit. Second, because the claim in this petition is identical to one presented in one of Casas' earlier petitions, it must be dismissed. Third, even if we considered this petition, Casas has procedurally defaulted his claims because he failed to demonstrate cause and prejudice for failing to present them on direct appeal.[1]

Casas filed an earlier petition for habeas corpus which we dismissed on December 22, 1999 as untimely under the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), 28 U.S.C. §§2244(b)(3), 2255 ("AEDPA"). This first petition claimed: 1) ineffective assistance of counsel; 2) failure of the arresting agents to advise him of certain rights; 3) erroneous admittance of evidence at trial; and 4) improper enhancement of his sentence based on his role in the offense. Defendant then filed a motion to vacate the dismissal, which we denied on March 14, 2000, and next filed a motion for reconsideration of our March 14th

---

[1] Although we recognize that any one of these grounds would be enough to deny Casas' request, given his proclivity towards multiple appeals and requests for reconsideration, we feel it best to address every reason his petition fails at one time.



order, which we also denied. Then, on May 25, 2000, defendant appealed our original December 22, 1999 order dismissing his habeas petition. We declined to issue a certificate of appealability, and on March 14, 2001, Casas filed the instant petition for habeas relief.[2] Meanwhile, sometime in early 2001, Casas also filed a motion in the Central District of Illinois (where he was incarcerated) pursuant to 28 U.S.C. § 2241, which raised an *Apprendi* argument identical to the one raised in the instant petition. Judge Mihm denied that motion on February 5, 2001, finding that Casas' *Apprendi* argument was at best "premature" since the Supreme Court has not found *Apprendi* retroactive to cases on collateral review.

During the pendency of Casas' various motions, in December, 2000, the Supreme Court decided *Apprendi*, which held that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. " 1120 S.Ct. at 2355 (internal quotation marks and internal citations omitted). Since that decision was rendered, numerous incarcerated individuals have filed petitions for habeas corpus, contending that they are entitled to reductions in their sentences, unmindful of the Seventh Circuit's warning against filing hasty petitions before the Supreme Court finds *Apprendi* to be fully retroactive on collateral attack. *See Brannigan v. United States,* 249 F.3d 584, 586 (7th Cir. 2001) (citing *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir. 2000) which warned prisoners against premature habeas petitions that rely on *Apprendi*); *Hernandez v. United States,* 226 F.3d 839 (7th Cir. 2000).

Aside from the question of *Apprendi's* general retroactivity, the AEDPA bars an individual from filing a second or successive habeas petition without obtaining leave to do so from the circuit court. 28 U.S.C. §§ 2244(b)(3), 2255 ¶ 8.[3] The AEDPA does not define what is meant by "second or

---

[2] Although we have granted several of Casas' motions for extensions of time to file his reply to the Government's response to his petition, he has not filed such a reply, and thus we decide his petition without it.

[3] The circuit court may only grant permission to file a subsequent petition if it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255 ¶ 8(1). The Supreme Court has recently clarified that it has not made *Apprendi* retroactive, *see Tyler v. Cain,* — U.S. —, 121 S.Ct. 2478 (2001), so

successive", so we must determine whether the dismissal of Casas' first petition on statute of limitations makes this current petition his second, thus requiring him to get permission to file from the Seventh Circuit. It is clear that if the first petition was decided and dismissed on the merits, any later petition is "successive", *See, e.g. Benton v. Washington,* 106 F.3d 162. 164 (7th Cir. 2000), as are petitions dismissed because of a procedural default. *See Turner v. Artuz,* –F.3d –No. 00-3567, 2001 WL 909193 (2nd Cir., Aug. 13, 2001). These rules apply even if the new petition raises issues that did not become apparent until after the first petition was filed. *See In re Page,* 179 F.3d 1024, 1026 (7th Cir. 1999). Equally agreed is the rule that if the court dismisses a petition for failure to exhaust state remedies, the petitioner need not seek permission to re-file from the circuit court, since such a requirement would effectively preclude individuals from ever being able to bring a petition for habeas relief. *See Slack v. McDaniel,* 529 U.S. 473 (2000).

In the middle are cases such as this one, where the petitioner's first habeas petition was dismissed on statute of limitations grounds. A review of relevant case law convinces us that this situation is akin to a dismissal on the merits, and thus bars a subsequent petition without leave of the Seventh Circuit. That Court has previously held that it is not necessary for an initial petition to be decided squarely on the merits in order for a subsequent request for habeas relief to be counted as a second petition. *See Benton v. Washington,* 106 F.3d at 164 (explaining that a civil action dismissed for want of prosecution counts as a "merits" decision for res judicata purposes). The main point of distinction in the habeas context is one of fairness; courts will not foreclose a second petition if to do so will eliminate a prisoner's right to seek habeas relief at all. *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000) ("a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits").

Even if we consider only Casas' very first petition, filed in 1999, we believe that it is appropriate to consider the instant petition his second. Casas' first petition was dismissed for failure

---

even if Casas were to seek leave to file this petition from the Seventh Circuit, it is unlikely that his request would be granted.

to adhere to the statute of limitations; he had a full and fair opportunity to apply for federal collateral relief and he missed the deadline. Thus, it is not unfair to require him to seek leave from the Seventh Circuit to file this petition. We find this situation similar to that in *Page*, where the court counted a petition as a second filing when the first petition had been decided on the merits, even though the ground for relief raised in the subsequent petition was not available at the time of the first filing. In this instance, the *Apprendi* case (which will restart the statute of limitations if it is made retroactive) was not available to Casas when he filed his first, untimely petition. However, that fact should not eliminate the consequence of his first petition.[4]

But Casas has a second strike against him, and that is in the form of the § 2241 petition he filed in the Central District of Illinois. Although he did not style it a motion under § 2255, that is exactly what it was – a request under *Apprendi* that his sentence be reduced or vacated because it was imposed in violation of the Fifth and Sixth Amendments to the Constitution. And the Seventh Circuit has held that "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1[5] is a motion under § 2255, and that the second (and all subsequent) of these requires appellate approval." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). It does not matter that Casas filed this motion not in the district where the sentence was imposed, but where he was incarcerated (which is the correct procedure for a true motion under § 2241 attacking the execution, not imposition, of a sentence). The petition was obviously a request for habeas relief, and Judge Mihm

---

[4] We have not been able to find any cases with this fact pattern, where the first case was dismissed on statute of limitations grounds.

[5] Paragraph 1 of § 2255 states:

> A prisoner in custody under sentence of a court . . .claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

treated it as such. We cannot allow prisoners to circumvent the strictures of § 2255 by re-captioning

subsequent habeas petitions and then filing them in other courts. Thus, Casas has filed two previous

petitions, and he cannot file this one without seeking leave of the Seventh Circuit.

Also problematic for Casas is the fact that his wrongly-titled § 2241 motion made the exact

same *Apprendi* argument as his current petition. 28 U.S.C. § 2244(b)(1) states that "[a] claim

presented in a second or successive habeas corpus application under section 2254 that was presented

in a prior application shall be dismissed." That section is made applicable to petitions brought under

§ 2255 by paragraph eight of the statute. For this reason alone, we may dismiss the petition.

Additionally, even if Casas had not filed his earlier, untimely petition or his wrongfully captioned

§ 2241 petition, he would have to demonstrate both cause and prejudice for failing to raise the

*Apprendi* arguments he makes here on his direct appeal. The Seventh Circuit has found that prisoners

have been making *Apprendi*-type arguments for years – even before the Supreme Court's formal

decision in 2000 – and thus it is extremely difficult for a petitioner to demonstrate cause for a

procedural default of an *Apprendi* claim. *See United States v. Smith*, 241 F.3d 546 (7th Cir. 2001).[6]

As for the prejudice prong, Casas would have to demonstrate that no reasonable jury could

have found him accountable for, at the least, 50 kilograms of cocaine (the amount necessary to

support his current sentence). This would be nearly impossible for Casas to prove, since the jury found

beyond a reasonable doubt that Casas was guilty of conspiring to distribute and possess over 500

kilograms of cocaine. Thus, it is extremely unlikely that the jury would not have found him individually

responsible for at least 50 kilograms.[7]

---

[6] We recognize that the dissent in *Smith* noted that this ruling creates a legal "Catch 22" for prisoners, who are penalized with a procedural default for failing to make an *Apprendi*-type argument on direct appeal even before the case was decided, and who also cannot claim ineffective assistance of any counsel that did not anticipate *Apprendi*. Although such reasoning concerns us generally, given the numerous other grounds for dismissing this petition, we need not rely on a *Smith* procedural default for our decision.

[7] We have obtained copies of Casas' indictment, as well as transcripts of the jury instructions and the jury's verdict. Count One of the indictment plainly charges Casas with conspiracy to distribute, and to possess with intent to distribute over 500 kilograms of cocaine.

For the above reasons, we dismiss Casas' petition for habeas corpus for lack of jurisdiction.[8]

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 8/29/01

---

When giving the jury its instructions, Judge Rovner informed it that "in order to establish the offense of conspiracy as charged in Count One of the indictment, the government must prove these elements beyond a reasonable doubt as to each defendant separately: 1. that the alleged conspiracy existed, 2. that the defendant in question knowingly and intentionally became a member of the conspiracy." (Tr. at 3318) Further on in the jury instructions, Judge Rovner told the jury that in Count One of the indictment, the defendants were charged with conspiracy to distribute and to possess with intent to distribute approximately 500 kilograms and various additional large quantities of cocaine. Judge Rovner did not specify to the jury the amount of cocaine Casas was charged with possessing with intent to distribute on his own, although Count Two of the indictment set this amount at 500 kilograms as well. In its verdict, the jury found Casas guilty as charged in the indictment. (Tr. at 3337).

[8] Alternative grounds for dismissal are based on res judicata and procedural default.